# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Darryl McGore,

                Plaintiffs,      Case No. 26-10547

v.                          Judith E. Levy
                                United States District Judge

Yehuda Matzo Jewish, *et al.*,

                                Mag. Judge Curtis Ivy, Jr.

                Defendants.

_____/

## OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS [2] AND DISMISSING THE COMPLAINT [1]

This matter is before the Court on Plaintiff Darryl McGore's *pro se* complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff McGore is an inmate confined at the Carson City Correctional Facility in Carson City, Michigan. Upon review of the case and Plaintiff's litigation history in the federal courts, the Court concludes that his case must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a

filing fee of $350 . . . ." Here, Plaintiff did not pay the filing fee when he filed his complaint. However, he filed a "certificate of prisoner institutional/trust fund account activity," (ECF No. 2), presumably because he wishes to proceed in this case without prepaying fees and costs.

The Prisoner Litigation Reform Act of 1995 ("PLRA") states that "if a prisoner brings a civil action . . . , the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). According to 28 U.S.C. § 1915(a), prisoners may make a "downpayment" of a partial filing fee and then pay the remaining fee in installments. *See Boussum v. Washington*, 649 F. Supp. 3d 525, 529 (E.D. Mich. 2023).

Plaintiff has filed at least eight prior cases that were dismissed for being frivolous, malicious, or for failing to state a claim upon which relief can be granted. *See McGore v. Hudson*, No. 1:98-cv-10080 (E.D. Mich. June 2, 1998); *McGore v. Hunter*, No. 2:96-cv-74326 (E.D. Mich. Oct. 15, 1996); *McGore v. Hunter*, No. 2:96-cv-74327 (E.D. Mich. Feb. 10, 1997); *McGore v. Jones*, No. 2:96-cv-74614 (E.D. Mich. Nov. 8, 1996); *McGore v. Mich. Sup. Ct. Judges*, No. 1:94-cv-517 (W.D. Mich. Jan. 25, 1995); *McGore v. Nardi,* No. 2:93-cv-137 (W.D. Mich. Aug. 2, 1993); *McGore v.*

*Stine*, No. 2:93-cv-112 (W.D. Mich. July 26, 1993); *McGore v. Stine*, No. 2:93-cv-77 (W.D. Mich. Apr. 30, 1993).

Additionally, Plaintiff has subsequently been denied leave to proceed *in forma pauperis* numerous times under 28 U.S.C. § 1915(g), the "three-strikes" rule, because of these prior frivolity dismissals. *See, e.g.*, *McGore v. Kurish*, No. 2:25-cv-13245 (E.D. Mich. Nov. 13, 2025); *McGore v. Artis*, No. 1:25-cv-516, 2025 WL 1392289 (W.D. Mich. May 14, 2025); *McGore v. Internal Revenue Comm'r*, No. 2:25-cv-21, 2025 WL 1293552 (W.D. Mich. May 5, 2025); *McGore v. Hood*, No. 2:24-cv-10999 (E.D. Mich. Aug. 12, 2024); *McGore v. U.S. Dist. Ct. Judges*, No. 24-cv-10890, 2024 WL 1889211 (E.D. Mich. Apr. 30, 2024); *McGore v. Roberts*, No. 19-cv-13647, 2019 WL 7067086 (E.D. Mich. Dec. 23, 2019); *McGore v. U.S. Supreme Ct. Justs.*, No. 2:19-cv-244, 2019 WL 6799099 (W.D. Mich. Dec. 13, 2019); *McGore v. Mich. State Police*, No. 2:19-cv-228, 2019 WL 6522144 (W.D. Mich. Dec. 4, 2019); *McGore v. Lesatz*, No. 2:19-cv-51, 2019 WL 1109761 (W.D. Mich. Mar. 11, 2019); *McGore v. Schuette*, No. 2:18-cv-103, 2018 WL 5773207 (W.D. Mich. Nov. 2, 2018); *McGore v. Shenk*, No. 4:17-cv-13320, 2017 WL 11473286 (E.D. Mich. Nov. 16, 2017); *McGore v. Trinity Food Grp.*, No. 2:17-cv-13135, 2017 WL 4348844 (E.D.

3

Mich. Sept. 29, 2017); *McGore v. Lutz*, No. 2:09-cv-13031, 2009 WL 2959874 (E.D. Mich. Sept. 11, 2009).

Under the PLRA, a federal court may dismiss a case if, on three or more previous occasions, a federal court dismissed the plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(g). The "three strikes" provision of the PLRA prohibits a prisoner, who has had three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Preston v. Parish*, No. 2:20-CV-11671, 2020 WL 5107337, at *1 (E.D. Mich. Aug. 31, 2020). A federal court is permitted to take judicial notice of a plaintiff's prior dismissals for purposes of § 1915(g). *See Taylor v. United States*, 161 F. App'x 483, 485–86 (6th Cir. 2005).

Plaintiff has not alleged any facts which would establish that he in imminent danger of serious physical injury, and thus, he does not come within the exception to 28 U.S.C. § 1915(g), which prohibits him from

4

proceeding *in forma pauperis* in light of his numerous prior strikes. *Mulazim v. Mich. Dept. of Corrs.*, 28 F. App'x 470, 472 (6th Cir. 2002). Plaintiff alleges that in October and November of 2025, he was given matzah to eat from a fellow inmate that was manufactured by Defendant Yehuda Matzos, whose place of business is in Jerusalem, Israel. (ECF No. 1, PageID.2–4.) Plaintiff alleges that Defendant Hanover Marketing, located in Bayonne, New Jersey and its employees distribute this matzah in the United States. (*Id.* at PageID.2.) Plaintiff claims that the box that the matzah came in did not contain an expiration date so as to alert him if the matzah was no longer fresh. (*Id.* at PageID.3–4.) Plaintiff claims that this put him in danger of eating expired matzah, which could have poisoned him. (*Id.*)

In order to fall within the "imminent danger of serious physical injury" exception, "the threat or prison condition 'must be real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). Assertions of past danger will not satisfy the imminent danger exception. *Id.* at 797–98. Plaintiff's allegations fail to show that there is

any imminent danger that is contemporaneous with the filing of this complaint.

There is no allegation that Plaintiff actually ate the matzah, only that he received the box. Moreover, Plaintiff fails to allege that the matzah was actually spoiled or made him or other inmates become ill. Wholly speculative or conclusory allegations of imminent danger are insufficient to satisfy the exception under § 1915(g). *See, e.g.*, *Vandiver*, 727 F.3d at 585. Plaintiff is not entitled to invoke the imminent danger exception to § 1915(g) because his complaint contains insufficient facts and detail to establish that he is in danger of imminent physical injury. *See, e.g.*, *Rittner*, 290 F. App'x at 798.

Additionally, his allegations of constitutional deprivations against Plaintiff by Defendants are also insufficient to obtain relief under the imminent danger exception because his complaint is directed at parties who do not have any control over his current conditions of confinement at the Carson City Correctional Facility. *See Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999); *Peoples v. Gilbert*, No. 01-cv-72895-DT, 2001 WL 1219070, at \*2 (E.D. Mich. Sept. 14, 2001).

Plaintiff's complaint is therefore subject to dismissal without prejudice pursuant to 28 U.S.C. § 1915(g). Plaintiff may, however, resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke v. Hiller*, 966 F. Supp. 538, 540 (E.D. Mich. 1997).

Since Plaintiff has had over eight prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, 28 U.S.C. § 1915(g) bars him from appealing *in forma pauperis*. The Court therefore refuses to certify that any appeal from this dismissal would be in good faith.

For the reasons set forth above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is DENIED, the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE, and it is ORDERED and CERTIFIED that any appeal taken by Plaintiff would not be done in good faith.

IT IS SO ORDERED.

Dated: February 23, 2026              s/Judith E. Levy
Ann Arbor, Michigan                   JUDITH E. LEVY
                                      United States District Judge

7

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 23, 2026.

s/CAITLIN SHRUM
CAITLIN SHRUM on behalf of
WILLIAM BARKHOLZ
Case Manager