UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


Darryl McGore,

                    Plaintiff,         Case No. 26-10547

v.                                     Judith E. Levy
                                       United States District Judge
Yehuda Matzo Jewish, *et al.*,
                                       Mag. Judge Curtis Ivy, Jr.
                    Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMOVE FEDERAL STATUTE [7], MOTION TO AMEND [10], AND MOTION TO VACATE [14]**

Before the Court are Plaintiff Darryl McGore's post-judgment motions to remove the federal statute, to amend the complaint, and to vacate the Court's judgment. (ECF Nos. 7, 10, 14.) For the reasons set forth below, the motions are denied.

Plaintiff, an inmate confined at the Carson City Correctional Facility in Carson City, Michigan, filed a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. The Court dismissed the case without prejudice pursuant to 28 U.S.C. § 1915(g), the "three-strikes" rule,

because Plaintiff had at least eight prior cases that were dismissed for being frivolous, malicious, or failing to state a claim for relief. *McGore v. Yehuda Matzo Jewish*, No. 26-10547, 2026 WL 497791, at *3 (E.D. Mich. Feb. 23, 2026). The Court also noted that Plaintiff was denied permission to proceed *in forma pauperis* numerous times under 28 U.S.C. § 1915(g), because of these prior frivolity dismissals. The Court further concluded that Plaintiff failed to show that his case came within the imminent danger exception to § 1915(g), which would allow Plaintiff to proceed *in forma pauperis* in spite of the prior frivolity dismissals.

On March 12, 2026, Plaintiff filed a Notice of Appeal with the United States Court of Appeals for the Sixth Circuit. (ECF No. 8.) That same day, Plaintiff filed an unsigned "motion to remove the federal statute," in which he appears to ask the Court to reconsider its decision to impose the filing fee requirements of 28 U.S.C. § 1915(b)(1) to his case and to vacate the order of dismissal. (ECF No. 7.) He also filed a motion to amend the complaint, which does not include a proposed amended complaint. (ECF No. 10.) On March 17, 2026, Plaintiff filed a motion to vacate the Court's judgment, in which he again asks the Court to reconsider its decision to impose the filing fee requirements of 28 U.S.C.

§ 1915(b)(1) to his case, claiming that the Court's decision amounted to invidious discrimination. (ECF No. 14.) He also claims that 28 U.S.C. § 1915(g) is unconstitutional. (*Id.*)

Regarding Plaintiff's motion to amend the complaint (ECF No. 10), "[a] claimant who seeks to amend a complaint *after* losing the case must provide a compelling explanation to the district court for granting the motion." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 617–18 (6th Cir. 2010). Here, Plaintiff appears to request permission to add a 42 U.S.C. § 1983 claim. (ECF No. 10.) However, the nature of this § 1983 claim is unclear. For example, it is not clear based on Plaintiff's filing against which Defendant he brings the § 1983 claim, or what facts support a § 1983 claim against any Defendant. Thus, Plaintiff has not "provide[d] a compelling explanation to the district court for granting the motion," *Leisure Caviar*, 616 F.3d at 617–18, and his motion to amend is denied.

Petitioner, in his two other motions (ECF Nos. 7, 14), appears to request reconsideration of the Court's denial of his application to proceed *in forma pauperis*.

3

Motions for reconsideration of final orders and judgments must be brought under Federal Rules of Civil Procedure 59(e) or 60(b). *See Ackerman v. Washington*, No. CV 13-14137, 2021 WL 5782896, at *1 n.1 (E.D. Mich. Dec. 7, 2021) (citing E.D. Mich. LR 7.1(h)(1)). Because Plaintiff is self-represented, his motions are construed as a motion to alter or amend judgment filed under Rule 59(e).[1]

The decision whether to grant a motion to alter or amend judgment under Fed. R. Civ. P. 59 is discretionary with the district court. *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 132 (6th Cir. 1990). "Under Rule 59, a court may alter the judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar*, 616 F.3d at 615 (quoting *Intera Corp. v. Henderson*, 428 F.3d 605,

---

[1] Plaintiff's notice of appeal (ECF No. 8) does not divest the Court of jurisdiction over a motion to alter or amend judgment. The timely filing of a motion to alter or amend judgment under Federal Rule of Civil Procedure 59 suspends or renders dormant a notice of appeal "regardless of whether the motion was filed before or after the notice of appeal." *Patterson v. Anderson*, 586 F. App'x 657, 662 (6th Cir. 2014) (quoting *Ross v. Marshall*, 426 F.3d 745, 751–52 (5th Cir. 2005)). Here, Plaintiff's timely notice of appeal was filed on the same day as his motion to amend and "motion to remove federal statute." (ECF Nos. 7, 10.) As such, the Court retains jurisdiction to consider those motions because they were timely filed. *Id.* at 663 (quoting *O'Sullivan Corp. v. Duro–Last, Inc.*, 7 F. App'x 509, 519 (6th Cir. 2001)).

620 (6th Cir. 2005)). "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)).

Plaintiff's arguments are difficult to understand. He appears to argue that the Court erred when it rejected his allegation that he was in imminent danger from eating matzah past its expiration date because the Court ignored various food and drug safety laws. (ECF No. 14, PageID.76.) But the Court concluded that Plaintiff was not in imminent danger because Plaintiff did not allege that he ate the matzah, he described a past incident, and Plaintiff's claim that he could be poisoned from eating expired matzah was speculative. This portion of Plaintiff's motions to alter or amend judgment is denied because Plaintiff presents issues which were already ruled upon by the Court, either expressly or by reasonable implication, when the Court concluded that Plaintiff's allegation that he had a box of matzah that may have expired did not place him in imminent danger of death or serious bodily injury. *See Hence v. Smith*, 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

Plaintiff also argues that the imposition of the Three Strikes rule contained in 28 U.S.C. § 1915(g) amounts to invidious discrimination against him and other members of a suspect class and is therefore unconstitutional. (*See* ECF No. 7, PageID.39; ECF No. 14, PageID.74–75.) To the extent Plaintiff challenges the constitutionality of the Three Strikes rule, Plaintiff's challenge is denied. The Sixth Circuit has previously held that the rule is not unconstitutional, *Wilson v. Yaklich*, 148 F.3d 596, 606 (6th Cir. 1998), and Plaintiff does not provide any basis for the Court to depart from this determination.

Because neither indigents nor prisoners are a suspect class for purposes of the Equal Protection Clause, *see Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005); *Hadix v. Johnson*, 230 F.3d 840, 843 (6th Cir. 1998), any differentiation between indigent prisoners on the one hand, and non-indigent prisoners or indigent non-prisoners on the other, will be upheld so long as a rational basis for the differential treatment can be shown. *Wilson*, 148 F.3d at 604. The Sixth Circuit held that "[d]eterring frivolous prisoner filings within the federal courts falls within the realm of Congress's legitimate interests." *Id.* (quoting *Hampton v. Hobbs*, 106 F.3d 1281, 1287 (6th Cir. 1997)). In order to "lessen the crush" of such

frivolous filings by prisoners upon the federal courts, "Congress has concluded that prisoners who are not under threat of immediate harm and who have, on three prior occasions, filed frivolous lawsuits should be barred, not from filing another lawsuit in federal court, but merely from instituting such claims at additional expense to the taxpayers. Such a differentiation between indigent and non-indigent litigants has a rational basis." *Id.*

The application of 28 U.S.C. § 1915(g) to deny Plaintiff permission to proceed *in forma pauperis* because of his numerous prior frivolity dismissals does not violate his right to equal protection. Plaintiff is not entitled to have the Court's judgment set aside.

Accordingly, Plaintiff's motion to remove the federal statute (ECF No. 7), the motion to amend the complaint (ECF No. 10), and the motion to vacate (ECF No. 14) are DENIED.

IT IS SO ORDERED.

Dated: May 4, 2026                           s/Judith E. Levy
Ann Arbor, Michigan                          JUDITH E. LEVY
                                             United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 4, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

8